**Patricia E. MARTIN, Appellant**

v.

**COMMISSIONER OF SOCIAL SECURITY.**

No. 09–2440.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 10, 2010.

Filed: March 8, 2010.

Abraham S. Alter, Esq., James Langton, Esq., Langton & Alter, Rahway, NJ, for Appellant.

Michelle L. Christ, Esq., Social Security Administration Office of General Counsel, Kimberly L. Schiro, Esq., Office of United

**412**

States Attorney, New York, NY, for Commissioner of Social Security.

Before: SLOVITER, ROTH, and TASHIMA,* Circuit Judges.

## OPINION

SLOVITER, Circuit Judge.

Patricia Martin appeals from the District Court's order affirming the denial by the Administrative Law Judge ("ALJ") of her application for Social Security Disability benefits. We will affirm.[1]

## I.

This court's review is limited to determining whether there was substantial evidence to support the Commissioner's decision to deny benefits. 42 U.S.C. § 405(g). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). The Commissioner's findings of fact are binding if they are supported by substantial evidence. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir.2000).

We assume the parties' familiarity with the factual and procedural history, which we describe only briefly. Martin is a forty-four-year-old single woman with a ninth-grade education. Her prior experience includes work as an accounts payable clerk, a customer service worker, and a senior bank teller. Martin's last job, a temporary position as an accounts payable clerk, ended in October 1999.

Martin filed for Disability Insurance Benefits and Supplemental Security Income in August 2000, alleging disability since January 1, 2000, due to back pain, knee pain, obesity, and depression. The Commissioner denied both Martin's initial claim and her subsequent request for reconsideration. On April 26, 2002, the ALJ determined that Martin was not disabled after a hearing. The ALJ found that Martin's obesity and knee arthritis constituted severe impairments, but that her depression and back pain were not severe. Accordingly, the ALJ determined that Martin retained the residual functional capacity ("RFC") to return to her past relevant work experience.

The Social Security Administration Appeals Council denied Martin's request for review of the ALJ hearing decision. Martin then filed an action in the United States District Court for the District of New Jersey. The District Court found that the ALJ's decision that Martin's depression was not a severe impairment was unsupported by substantial evidence and remanded the case to the Commissioner for further proceedings.

On remand, the ALJ held another hearing. Martin testified that she experienced pain in her back, knees, and chest and suffered from constant headaches, and was still obese. Although Martin testified that she suffered from depression, she had not sought psychiatric treatment until shortly before the hearing, and she refused to take medication for fear of the side effects.

Medical Expert, Dr. Martin Fechner, testified that Martin's condition would restrict her to sedentary work. However, the vocational expert Rocco Meola testified that there were 50,000 jobs nationally (1,500 in New Jersey) for an individual with Martin's impairments.

* Honorable A. Wallace Tashima, Senior Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. The District Court had jurisdiction under 42 U.S.C. § 405(g). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

After the hearing, the ALJ determined that Martin retained the RFC to perform simple, repetitive work at the sedentary level, and therefore Martin was "not under a 'disability,' as defined in the Social Security Act." Tr. at 282. Martin requested review of the ALJ hearing decision, which the Appeals Council denied. Martin then filed another action in the District of New Jersey, which issued a letter opinion affirming the decision of the Commissioner. Martin timely appealed.

## II.

Martin is disabled for purposes of the Social Security Act ("SSA") only if her "physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A). In determining whether a claimant is disabled under the SSA, ALJs must perform a five-step, sequential evaluation. 20 C.F.R. § 404.1520. The ALJ must review: (1) the claimant's current work activity; (2) the medical severity and duration of the claimant's impairments; (3) whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations; (4) whether the claimant has the residual functional capacity to return to past relevant work; and (5) if the claimant cannot return to past relevant work, whether she can "make an adjustment to other work" in the national economy. 20 C.F.R. 404.1520(a)(4)(i)-(v). The claimant bears the burden of proof on steps one through four. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir.2007) (citation omitted). The Commissioner bears the burden of proving at step five that a significant number of jobs exist in the national economy that are appropriate for the claimant. *Id.*

The ALJ's second decision followed this procedure in determining whether Martin met the definition of disability for purposes of the SSA. He determined that Martin had not been engaged in substantial gainful activity since her alleged disability onset date of January 1, 2000, and that Martin's back and knee pain, obesity, and depression were "severe" impairments, "but not 'severe' enough to meet or medically equal, either singly or in combination" any impairments listed in the regulations. Tr. at 276. The ALJ then found that Martin's condition prevented her from returning to her past relevant work but that she retained the RFC to do sedentary work. Taking into account Martin's depression, the ALJ agreed with the vocational expert that there were 50,000 jobs in the national economy that Martin was capable of performing. Accordingly, the ALJ denied Martin's claim that she was disabled within the meaning of the SSA.

The District Court remanded for the ALJ to consider how Martin's depression impacted her RFC. Martin contends that on remand, the ALJ ignored the District Court's order by not giving sufficient credit to the opinion of psychologist Melvin Bernstein, Ph.D., who concluded that Martin had limited ability to follow simple instructions and perform rote tasks. On remand, the ALJ adopted the District Court's conclusion that Martin's depression was severe. However, taking into account the opinions of physicians Christopher Oti, Joyce Nkwonta, and Praful Shah, and psychologist Wayne Tillman, Ph.D., who all concluded that Martin's mental state placed only mild to moderate limitations on her ability to function, the ALJ found Martin's depression not severe enough to meet or equal a listed impairment or substantially impact her RFC. *See* 20 C.F.R. §§ 404.1527(d) and 416.927(d) (all medical opinions must be considered, regardless of source). He also noted that

**414**

Martin refused to take medication for depression or see a psychiatrist and that she appeared "alert, responsive, and articulate" at the hearing. Tr. at 279.

■ Furthermore, the ALJ was justified in disregarding Dr. Bernstein's opinion that Martin could not follow simple instructions because it conflicted with other opinions contained in Dr. Bernstein's report. Specifically, Dr. Bernstein found that Martin "related adequately," had "good latent intelligence" and intact concentration, and exhibited "relevant, logical, and goal directed" thought processes. Tr. at 211. He also recommended that Martin seek vocational counseling. Such opinions are inconsistent with Dr. Bernstein's conclusion that Martin could not follow simple instructions. Accordingly, Dr. Bernstein's report, along with the opinions of the other physicians and Martin's own actions, substantially support the ALJ's conclusion that Martin's depression does not entitle her to disability benefits.

Martin further contends that the ALJ erred by failing to include all of her credibly established mental impairments when posing a hypothetical question to vocational expert Meola. An ALJ must include all of the claimant's credibly established impairments when posing a hypothetical question to a vocational expert. *Rutherford v. Barnhart,* 399 F.3d 546, 554 (3d Cir.2005) (citation omitted). Here, the ALJ asked:

> Mr. Meola, please assume an individual of the claimant's age, education, and work history. And assume further that that individual is restricted to sedentary work. And assume further that that individual *by virtue of a reduction in her ability to concentrate and focus* would be reduced to simple and repetitive tasks. If those are the restrictions, and those restrictions alone, would there be jobs available in the local and national

economy that such an individual could perform?

Tr. at 405 (emphasis added). Because the ALJ was justified in disregarding Dr. Bernstein's opinion that Martin could not follow simple instructions, he did not need to include anything further and the ALJ's hypothetical question accurately portrayed Martin's credibly established mental limitations.

Martin next argues that the ALJ improperly relied on the fact that Martin traveled to Dr. Bernstein's office using public transportation in order to conclude that she could follow simple instructions. It is true, as Martin contends, that the ALJ speculated when he found that "the fact that the claimant came to the examination by bus, apparently unaccompanied, suggests that she was able to follow simple instructions." Tr. at 280. However, the ALJ's ultimate conclusion that Martin's depression did not prevent her from following simple instructions was supported by other substantial evidence in the record. For example, Dr. Oti found that Martin's "social interaction, adaptation and other mental activities are unaffected." Tr. at 201. Putting aside the fact that Martin may have used public transportation alone, the ALJ's conclusion that she could follow simple instructions is otherwise supported by the record.

■ Finally, Martin complains that the ALJ failed properly to consider her obesity according to the policy set forth in Social Security Ruling 02–1p, 2000 WL 628049, 67 Fed. Reg. 57859 (Sept. 12, 2002), which requires the ALJ to consider obesity when determining whether an applicant is disabled. *Diaz v. Comm'r of Soc. Sec.,* 577 F.3d 500, 503–04 (3d Cir. 2009). However, a review of the record shows that the ALJ properly considered obesity. The ALJ discussed SSR 02–1p and considered the opinions of Drs. Oti, Nkwonta, Shah, Fechner, and Albert My-

lod, who all found that Martin suffered from obesity. However, the ALJ determined that because Martin was able to ambulate effectively, her obesity did not meet or equal any of the listings, either alone or in combination with her other impairments. That finding is supported by substantial evidence in the record. In determining whether Martin retained the RFC to continue her past relevant work, the ALJ noted that Martin had recently lost weight and that she could perform sedentary work. That obesity was not explicitly mentioned "in the [ALJ] decision's official 'FINDINGS,'" Appellant's Br. at 21, has no bearing on whether the ALJ properly considered Martin's obesity pursuant to SSR 02–1p, *see Rutherford,* 399 F.3d at 553 (ALJ satisfied SSR 02–1p indirectly by adopting the opinions of doctors who were aware of the claimant's obesity).

### III.

For the above-stated reasons, we will affirm the judgment and order of the District Court.